1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PRISCILLA FOUNTAIN, | Case No. 10cv1318-BTM (RBB) |
|---|---|
| Plaintiff, | **ORDER RE MOTION TO DISMISS** |
| v. | |
| DSW SHOE WAREHOUSES, INC., et al., | |
| Defendants. | |

Defendant DSW Shoe Warehouse, Inc. ("Defendant") seeks dismissal of "the following claims from [Plaintiff's] Complaint": (1) "Discriminatory Failure To Promote"; (2) "Discriminatory Demotion"; (3) "Discriminatory Denial Of Transfer"; "(4) Discrimination Based On National Origin And Ancestry"; (5) "Retaliation Under The FEHA [California's Fair Employment and Housing Act]"; and (6) "Harassment." (Mem. at 1-2) Of these purported claims, the first four relate to Plaintiff's second cause of action for racial discrimination and the remaining two correspond to Plaintiff's third and fourth causes of action for retaliation and harassment.[1] Plaintiff's first, fifth, and sixth causes of action are unchallenged.

**A. DISCRIMINATION AND RETALIATION (SECOND AND THIRD CAUSES OF ACTION)**

Defendant argues that Plaintiff's retaliation claim and discrimination claims for failure to promote, wrongful demotion, and denial of transfer are untimely under the FEHA. An

---

[1] These claims are brought under the FEHA, Cal. Gov't Code §§ 12940 et seq., and Title VII, 42 U.S.C. §§ 2000e et seq. However, Defendant challenges the sufficiency of these claims only under state law. *See* Mem. at 4 n.4; *see also infra* n.3.

employee seeking relief under the FEHA must exhaust her administrative remedies by filing a verified complaint with the California Department of Fair Employment and Housing ("DFEH") within one year of the alleged adverse action. Cal. Gov't Code § 12960(d); *see also Nasser v. AT & T Corp.*, No. C 05-5426 PJH, 2007 U.S. Dist. LEXIS 27956, at *12 (N.D. Cal. Apr. 16, 2007). Here, Plaintiff filed her DFEH complaint on June 22, 2010. (Pl. Ex. 2) Therefore, any purported discriminatory conduct occurring before June 22, 2009 is time-barred.

Plaintiff alleges that (1) she knew she was not going to be promoted in May 2008 (compl. ¶ 15); (2) she was demoted in February 2009 (compl. ¶ 18); and (3) she was denied a transfer in February 2009 (*id.*). These events fall outside of the statute of limitations. Plaintiff does not assert that these claims are timely under the continuing violation theory or provide any alternative ground as to why the limitations period should be extended. Accordingly, Plaintiff's state claims for discrimination based on failure to promote, wrongful demotion, and denial of transfer are **DISMISSED** without prejudice.[2]

With respect to Plaintiff's third cause of action, Plaintiff asserts that she suffered retaliation in the form of being "demoted and constructively terminated from employment." (Compl. ¶ 40) As noted above, Plaintiff's demotion took place outside the statute of limitations, and thus, the FEHA retaliation claim cannot rest on an allegation of retaliatory demotion.

Plaintiff's alternative basis for a FEHA retaliation claim – constructive termination – could be timely, as she resigned on June 23, 2009, but lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] Because the Court concludes that these claims are time-barred, it need not reach Defendant's alternative argument that these claims should be dismissed because they were not raised in the DFEH complaint.

Additionally, the Court need not reach the merit of Defendant's argument that Plaintiff's "separate" national origin and ancestry discrimination claims are barred. (Mem. at 7) Contrary to Defendant's apparent position, Plaintiff does not raise any claims based solely on national origin or ancestry discrimination. Rather, Plaintiff's second cause of action rests on discrimination based on "plaintiff's national origin, ancestry and race." (Compl. ¶ 36 (emphasis added)) Because Plaintiff alleged racial discrimination in the DFEH complaint, any defects related to national origin and ancestry discrimination would not result in dismissal of Plaintiff's discrimination claims in her second cause of action.

alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff alleges that "after continued retaliation, discrimination and harassment, plaintiff was ultimately compelled to resign." (Compl. ¶ 20) This allegation fails to provide sufficient information to determine whether acts of retaliatory discrimination and/or harassment took place in the limitations period. Accordingly, Plaintiff's FEHA retaliation claim is **DISMISSED** without prejudice.

**B.  HARASSMENT (FOURTH CAUSE OF ACTION)**

Defendant challenges the sufficiency of Plaintiff's FEHA claims for racial harassment.[3] To state a claim for race-based harassment under the FEHA, a plaintiff must plead: (1) that she was subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *See Foreman v. Clear Channel Outdoor, Inc.*, No. C 10-03853 CW, 2010 U.S. Dist. LEXIS 133718, at *5 (N.D. Cal. Dec. 7, 2010) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 129-31 (1999); *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 463-65 (1st Dist. 1998)). "Conduct that is 'occasional, isolated, sporadic, or trivial' does not constitute actionable harassment." *Id.* (quoting *Aguilar*, 21 Cal. 4th at 131)).

Plaintiff has failed to state a claim for race-based harassment under the FEHA. Plaintiff alleges that she was "illegally criticized and disciplined" (compl. ¶ 17) and that "[t]he defendant directed. . . offensive, unwelcome misconduct toward plaintiff" (compl. ¶ 46). However, the complaint provides no indication as to the frequency or the intensity of the conduct and does not suggest that the alleged harassment was sufficiently severe or pervasive.

Moreover, to the extent that Plaintiff's FEHA harassment claim rests on adverse personnel decisions, such as a failure to promote or transfer Plaintiff, the Court notes that

---

[3] Defendant does not appear to challenge Plaintiff's claim for harassment under federal law. *See* Reply at 7 ("The allegations upon which Fountain relies, however, do not support a harassment claim. Rather, as California courts have repeatedly held, these actions . . . cannot form the basis of a harassment claim.") (emphasis added). Case law relied upon by Defendant relates only to the sufficiency of harassment claims under the FEHA. If Defendant believes that Plaintiff's harassment claims under Title VII fail as a matter of law, it may so move in a motion for summary judgment.

such actions may form the basis of a claim for discrimination, but not harassment. *See Forman*, 2010 U.S. Dist. LEXIS 133718, at *6-7. Under the FEHA, discrimination pertains to "explicit changes in the 'terms, conditions, or privileges of employment'", whereas harassment "focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (Cal. 2009) (quoting § 12940(a)) (emphasis omitted). Plaintiff does not identify any verbal, physical or visual race-based harassment by her supervisors and thus fails to state a claim for harassment under the FEHA.

**C. REMAINING FEHA CLAIMS**

Defendant argues that defects in Plaintiff's DFEH complaint require dismissal of all of Plaintiff's FEHA claims. Specifically, Defendant asserts that because Plaintiff's DFEH complaint was submitted electronically and not signed, Plaintiff failed to file a verified complaint, which is a prerequisite to filing a civil action pursuant to Gov't Code § 12960(b). Defendant principally relies on a June 24, 2003, DFEH directive stating that "[a]ll complaints filed with the DFEH must be signed" in support of this position. DFEH Directive No. 229. However, the current online submission system does not provide complainants with an opportunity to physically sign the complaint. Instead, the online submission form states, in relevant part, "By submitting this complaint[,] I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct. . . " Defendant provides no authority for the proposition that the online submission of a complaint under penalty of perjury is an insufficient procedure for filing a verified complaint. Absent such authority, the Court does not find the nearly nine-year old DFEH Directive No. 229 to be controlling on this issue. Thus, the Court will not dismiss Plaintiff's FEHA claims on the sole ground that she utilized an online submission system that permits aggrieved parties to file unsigned complaints.

**D. CONCLUSION**

Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff's

1 | FEHA claims for retaliation and harassment, as well as discrimination based on failure to
2 | promote, wrongful demotion, and denial of transfer are dismissed without prejudice.
3 | Plaintiff's claims for discrimination, retaliation, and harassment brought under 42 U.S.C. §§
4 | 2000e et seq. and the first, fifth, and sixth causes of action remain operative.  Plaintiff has
5 | leave to amend the complaint to cure the deficiencies, discussed above.  This amended
6 | complaint must be filed within <u>twenty days</u> of the entry of this order.

**IT IS SO ORDERED.**

DATED:  April 25, 2011

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge