# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA FOUNTAIN,<br><br>                        Plaintiff,<br>    v.<br>DSW SHOE WAREHOUSES, INC., et al.,<br><br>                      Defendants. | Case No. 10cv1318-BTM (RBB)<br><br>**ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendant moves to dismiss Plaintiff's first amended complaint. Defendant seeks dismissal of, *inter alia*, all Title VII claims for Plaintiff's failure to timely exhaust her administrative remedies.

"A person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if, as here, the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1104 (9th Cir. 2008). Plaintiff alleges that she was constructively terminated on June 23, 2009. (FAC ¶ 27) The FAC contains no allegations of wrongful acts occurring after this date. Plaintiff filed her California Department of Fair Employment and Housing ("DFEH") complaint on June 23, 2010, approximately two months after the 300 day deadline following her termination. This DFEH complaint is untimely for the purpose of seeking relief under Title VII.

1    In Plaintiff's opposition, Plaintiff states that she "has not pleaded any violation of Title
2 VII as a separate cause of action" and that "[t]he violations of statute pleaded are governed
3 <u>solely</u> by the California Government Code § 12940." (Opp. at 1 (emphasis added)) Plaintiff
4 states that references to Title VII are intended only to assist in the interpretation of
5 California's anti-discrimination statute. (Opp. at 2) To the extent Plaintiff brings claims under
6 Title VII, these claims are **DISMISSED** with prejudice.

7    Plaintiff asserts that the Court has subject matter over this action by relying on a
8 chapter of the United States code related to age discrimination in employment, 29 U.S.C. §§
9 621-34. (FAC ¶ 10) The complaint lacks any allegations related to age discrimination. The
10 only other reference to federal law in the FAC is to Title VII.

11    Having dismissed the Title VII claims, the only claims that remain are brought under
12 state law. The Court declines to exercise supplemental jurisdiction over these claims. *See*
13 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("In the usual case in which
14 all federal-law claims are eliminated before trial, the balance of factors to be considered
15 under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity
16 -- will point toward declining to exercise jurisdiction over the remaining state-law claims.");
17 *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc)
18 (explaining that a district court may decide sua sponte to decline to exercise supplemental
19 jurisdiction). This lawsuit is at an early stage. "The state court more frequently handles
20 issues involving state anti-discrimination law" and thus would be in a better position to
21 address state claims. *Hummel v. Smith*, No. C09-1268RSL, 2010 U.S. Dist. LEXIS 14052,
22 at *3 (W.D. Wash. Jan. 27, 2010). Accordingly, Plaintiff's remaining state law claims are
23 **DISMISSED** without prejudice.

24
25                              **CONCLUSION**
26
27    Plaintiff's Title VII claims are **DISMISSED** with prejudice, leaving the Court without
28 original jurisdiction over Plaintiff's remaining state law claims. The Court declines to exercise

supplemental jurisdiction, and these state law claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED:  September 13, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge